UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DIABATE AMADOU,<br><br>    Plaintiff,<br><br>    v.<br><br>JB HUNT TRUCKING,<br><br>    Defendant. | Civil No. 07-2549 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's amended application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 6.)[1]  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's amended IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff commenced this action by filing a one-page, one-paragraph, handwritten complaint.  (Docket No. 1.)  The Court previously found that pleading to be deficient because, (a) it did not show any grounds for federal subject matter jurisdiction, and (b) it did not include sufficient allegations to support any actionable claim for relief.  Plaintiff was

---

[1] The Court previously determined that Plaintiff's original IFP application, (Docket No. 2), could not be granted, because it was incomplete.  (See Order dated June 7, 2007; [Docket No. 4].)  Plaintiff was granted leave to file an amended IFP application, and he has now done so.  Therefore, the matter is before the Court at this time for consideration of Plaintiff's amended IFP application.

given an opportunity to cure the defects found in his original pleading, by filing an amended complaint. (See Order dated June 7, 2007; [Docket No. 4].) Although Plaintiff has filed an amended complaint, (Docket No. 5), his new pleading is just as deficient as the original.[2]

As far as the Court can tell, Plaintiff's lawsuit stems from some type of contract that he allegedly entered into with the named Defendant, "JB Hunt Trucking." The contract apparently involved an arrangement by which Plaintiff drove a truck provided by Defendant. Plaintiff evidently understood that he would be allowed to keep the truck if he made certain payments to Defendant. Plaintiff alleges that he fulfilled his obligations under the contract, but Defendant breached the contract by causing two police officers to assault him and take the truck away from him. The amended complaint provides no further explanation or clarification of the claim(s) that Plaintiff is now attempting to bring against Defendant.

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

---

[2] The Court previously referred Plaintiff to the Volunteer Lawyers Network, (a local legal aid organization), and strongly encouraged him to seek legal assistance before filing his amended complaint. However, Plaintiff apparently has ignored that advice, and has elected to proceed without the benefit of legal counsel.

Fed. R. Civ. P. 8 requires that every original civil complaint must include "a short and plain statement of the grounds upon which the court's jurisdiction depends." Moreover, the Court's prior order in this case expressly reminded Plaintiff that if he elected to file an amended complaint, his new pleading must "describe the grounds giving rise to federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8(a)." (Order dated June 7, 2007; [Docket No. 4], p. 3.)  Despite that explicit admonition Plaintiff has made no effort to demonstrate the existence of federal subject matter jurisdiction, and the Court cannot independently discern any possible grounds that would allow a federal district court to exercise subject matter jurisdiction in this case.

Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331,  because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States.  Instead, it clearly appears that Plaintiff is attempting to sue Defendant for an alleged breach of contract, which is a <u>state</u> common law cause of action.

Plaintiff has also failed to show that subject matter jurisdiction exists under the "diversity of citizenship" statute, 28 U.S.C. § 1332.  Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  There is nothing here to suggest that Plaintiff and Defendant are residents of different states, for purposes of the federal diversity jurisdiction statute.  Nor are there any allegations suggesting that Plaintiff could possibly recover a damage award that would satisfy the $75,000 "amount in controversy" requirement.

Thus, the Court finds that Plaintiff's amended complaint fails to show the existence of federal subject matter jurisdiction in this case, under either the federal question statute or the diversity of citizenship statute.  The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's amended application to proceed in forma pauperis, (Docket No. 6), be **DENIED**; and

2.  This action be summarily dismissed for lack of jurisdiction.

Dated: July 3, 2007

        s/ Arthur J. Boylan
        ARTHUR J. BOYLAN
        United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 17, 2007.

---

[3] The Court's recommendation does not necessarily mean that Plaintiff has no actionable claim for relief; it simply means that he will have to pursue his breach of contract claim in state court, rather than federal court.  However, in light of the significant shortcomings of both of Plaintiff's pleadings in this action, (i.e, his original and amended complaints), the Court encourages him (once again) to seek legal assistance before attempting to initiate any further legal proceedings in any court.